15-1954-cv
Marion S. Mishkin Law Office v. Christopher Lopalo, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of April, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

―――――――――――――――――――――――――――――――――――――

MARION S. MISHKIN LAW OFFICE, PLAINTIFFS' LIAISON COUNSEL: 21 MC 100 BODILY INJURY, NON-RESPIRATORY, NON-INGESTION CASES,

                         *Plaintiff-Appellant*,

          v.                                          15-1954-cv

CHRISTOPHER R. LOPALO, STANLEY KALATHARA, SCOTT EPSTEIN, MICHAEL SCOTT LEVINE, NEIL C. MASCOLO, JR., JEFFREY A. NEMEROV, JEFFREY SINGER, ANDREW J. SMILEY, FRANK A. ANDREA, III, CHRISTOPHER DOWNE, EVAN SACKS, ANDREW RICHARD DIAMOND, MICHAEL SETH LEYDEN, MICHAEL F.X. RYAN, JOEL MYRON LUTWIN, JOHN S. PARK, JOSEPH L. DECOLATOR, LEONARD LINDEN, STEVEN L. BARKAN, JOSEPH EHRLICH, DAVID JAROSLAWICZ, DAVID LAURENCE KREMEN, MICHAEL KREMINS, ANADEL CANALE,

                         *Defendants-Appellees.*[1]

―――――――――――――――――――――――――――――――――――――

――――――――――――――――――

[1] The Clerk of the Court is respectfully directed to amend the caption as above.

Appearing for Appellant: Alexander J. Wulwick (Michael H. Zhu, Marion S. Mishkin, *on the brief*) New York, NY.

Appearing for Appellee: Joshua Bardavid, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Marion S. Mishkin Law Office ("Mishkin") appeals from the May 20, 2015 order of the United States District Court for the Southern District of New York (Hellerstein, *J.*) granting her application for an award of attorneys' fees for services Mishkin performed as liaison counsel for plaintiffs in approximately twenty-five bodily injury, non-respiratory cases relating to the events of September 11, 2001 by awarding her $48,000. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's denial of an application for attorneys' fees for abuse of discretion. *Scarangella v. Grp. Health, Inc.*, 731 F.3d 146, 151 (2d Cir. 2013). Our earlier remand to the district court required the district court to examine Mishkin's records to determine whether she kept contemporaneous time records. *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149-50 (2d Cir. 2014). We also noted that the district court, after determining whether Mishkin kept contemporaneous time records, was under no obligation to pay Mishkin what she sought, but could exercise its discretion to devise a fair fee. *Id.* at 150.

The district court complied with our mandate, and we find no error in its determination that the records she submitted do not demonstrate that she tracked her time contemporaneously, that is, kept track of the time she expended on each task as she performed her work. Our Court made clear in *New York State Association for Retarded Children, Inc. v. Carey*, that "any attorney . . . who applies for court ordered compensation in this Circuit . . . must document the application with contemporaneous time records. . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." 711 F.2d 1136, 1147-48 (2d Cir. 1983). On the record as developed on remand, the attorneys' fees award by the district court is not an abuse of discretion.

We have considered the remainder of Mishkin's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk